Michael D. Vanlochem, SBN 110068
VANLOCHEM & ASSOCIATES LLP
6565 Sunset Blvd. Suite 412
Hollywood, CA 90028
Tel. (323)993-0500
Fax (323)993-0501
Email: mvanlochem@vandc.net
Attorneys for Defendant,
NISSAN MOTOR ACCEPTANCE
CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA Y. FOSTER CHARLES, | CASE NO. 2:18-CV-10548-MWF-FFM |
| Plaintiff, | |
| vs. | **ANSWER TO COMPLAINT** |
| NATIONAL CREDITORS CONNECTION, INC., a corporation; NISSAN MOTOR ACCEPTANCE CORP, a corporation; and DOES 1 through 10 inclusive, | |
| Defendants. | |

COMES NOW Defendant, NISSAN MOTOR ACCEPTANCE CORPORATION, (hereinafter "Defendant"), by and through its counsel of record, and hereby answers the Complaint of Plaintiff SHEILA Y. FOSTER CHARLES ("Plaintiff") by admitting, denying and alleging as follows:

## I. INTRODUCTION

1.   Answering Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff brings this lawsuit for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"); the Rosenthal

Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 *et seq.* ("RFDCPA"); the California Identity Theft Act; and the California Consumer Credit Reporting Agencies Act Cal. Civ. Code § 1785.25 (CCRAA"). However, Defendant denies that Plaintiff's claims have any merit and denies any liability whatsoever.

## II. PARTIES

2.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 2 of Plaintiff's Complaint, and on that basis, Defendant denies them for the present time.

3.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 3 of Plaintiff's Complaint, and on that basis, Defendant denies them for the present time.

4.    Answering Paragraph 4 of Plaintiff's Complaint, Defendant admits that it is a business, but denied that it has a principal place of business in Franklin Tennessee.  Unless specifically admitted to herein, Defendant denies the remainder of the allegations in Paragraph 4 of Plaintiff's Complaint, which are also vague, ambiguous, lack foundation, and constitute legal conclusions.

5.    As worded and phrased, Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint, as it asserts a legal conclusion.

6.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint, which also constitute legal conclusions, and on that basis Defendant denies them for the present time.

7.    As worded and phrased, Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint, as it asserts a legal conclusion.

8.    As worded and phrased, Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint, as it asserts a legal conclusion.

9.    As worded and phrased, Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint, as it asserts a legal conclusion.

10.    As worded and phrased, Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint, as it asserts a legal conclusion.

11.    As worded and phrased, Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint, as it asserts a legal conclusion.

12.    As worded and phrased, Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint, as it asserts a legal conclusion.

### III.    FACTUAL ALLEGATIONS

13.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint, which are also vague, ambiguous, and lack foundation, and on that basis Defendant denies them for the present time.

14.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of Plaintiff's Complaint, which are also vague, ambiguous, and lack foundation, and on that basis Defendant denies them for the present time.

15.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint, which are also vague, ambiguous, and lack foundation, and on that basis Defendant denies them for the present time.

16.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint, which are also vague, ambiguous, and lack foundation, and on that basis Defendant denies them for the present time.

17.    If this paragraph is deemed to contain any affirmation alleged against defendant, defendant denies same, on information and belief.

18.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of Plaintiff's Complaint, which are also vague, ambiguous, and lack foundation, and on that basis Defendant denies them for the present time.

19.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of Plaintiff's Complaint, which are also vague, ambiguous, and lack foundation, and on that basis Defendant denies them for the present time.

20.    Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.    In answering Paragraph 21, Defendant admits it sent Plaintiff a letter dated October 3, 2018.    Unless specifically admitted to herein, Defendant denies the remainder of the allegations in Paragraph 21 of Plaintiff's Complaint.

22.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of Plaintiff's Complaint, which are also vague, ambiguous, and lack foundation, and on that basis Defendant denies them for the present time.

### IV.    FIRST CAUSE OF ACTION

### (Against all Defendants for Violation of the Rosenthal Act)

23.    Defendant hereby repeats and incorporates all paragraphs above as though fully set forth herein.

24.    Defendant denies the allegations contained in Paragraph 24, inclusive of subparagraphs a-e, of Plaintiff's Complaint.

(a) Defendant denies the allegations contained in Paragraph 24(a).

(b) Defendant denies the allegations contained in Paragraph 24(b).

(c) Defendant denies the allegations contained in Paragraph 24(c).

(d) Defendant denies the allegations contained in Paragraph 24(d).

(e) Defendant denies the allegations contained in Paragraph 24(e).

25.    Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.    Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.    Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

## V.    SECOND CAUSE OF ACTION

### (Against All Defendants for Violation of the Identity Theft Act)

28.    Defendant hereby repeats and incorporates all paragraphs above as though fully set forth herein.

29.    Defendant lacks sufficient information and knowledge to either admit or deny the allegations in Paragraph 29 of the Complaint, which are also vague, ambiguous, lack foundation, and constitute legal conclusions, and on that basis Defendant denies them for the present time.

30.    Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.    To the extent Plaintiff's allegations pertain to a document, Defendant alleges the document speaks for itself.

31.    Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.    Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.    Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

ANSWER TO COMPLAINT
CASE NO: 2:18-cv-10548-MWF-FFM

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

## VI. THIRD CAUSE OF ACTION

### (Against Defendant NCC and DOES 6 through 10

### for Violation of the FDCPA)

36. Defendant hereby repeats and incorporates all paragraphs above as though fully set forth herein.

37. Paragraph 37 of Plaintiff's Complaint does not contain any affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies same.

38. Paragraph 38 of Plaintiff's Complaint does not contain any affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies same.

## VII.   FOURTH CAUSE OF ACTION

### (Against Defendants NISSAN and DOES 1 through 5

### For Violation of the CCRAA)

39. Defendant hereby repeats and incorporates all paragraphs above as though fully set forth herein.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State Cause of Action)

1. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

2. Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

#### (Reasonable Reliance on Information)

3. As a separate, affirmative defense, Defendant alleges that it was entitled to reasonably rely on information provided to it by the original creditor.

### FOURTH AFFIRMATIVE DEFENSE

#### (Estoppel)

4. As a separate, affirmative defense, the Complaint, and each cause of action alleged there against Defendant is barred by the conduct, actions, and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

5. Plaintiff is barred from maintaining the Complaint and each purported cause of action alleged therein against Defendant as a result of

unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

### SIXTH AFFIRMATIVE DEFENSE

#### (Compliance with Statute)

6.     The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Actions Were Proper)

7.     As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of 15 U.S.C. §1692, *et* seq. or *Civil Code* § 1788, *et seq.*

### EIGHTH AFFIRMATIVE DEFENSE

#### (No Intentional or Reckless Conduct)

8.     As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff.  Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

#### (Bona Fide Error)

9.     As a separate, affirmative defense, assuming *arguendo* that Defendant violated a statute alleged in the Complaint, which presupposition Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### TENTH AFFIRMATIVE DEFENSE

#### (Laches)

10.     Plaintiff is barred by the doctrine of laches from pursuing her Complaint and each purported cause of action alleged therein against Defendant by reason of her inexcusable and unreasonable delay in filing her Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Maintained Reasonable FDCPA and Rosenthal Act Procedures)

11.     As a separate, affirmative defense, Defendant alleges that at all times alleged in the Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the FDCPA and/or Rosenthal Act.

## TWELFTH AFFIRMATIVE DEFENSE

### (Damages are Limited)

12.     As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. § 1692k(a)(1), § 1692k(a)(2)(A), § 1692k(a)(3), 15 U.S.C. § 1692k(b)(1) and Cal. *Civ. Code* §1788.30.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

13.     As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

14.     As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

15. As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails as a matter of law due to lack of standing.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

16. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purpose)

17. As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith relief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

18. As a separate, affirmative defense, Defendant alleges that its conduct, communications, and actions, if any, were privileged pursuant to, *inter alia,* 15 U.S.C. § 1692k(c) and Cal. *Civ. Code* §1788.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

19. As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless,

malicious, wanton or outrageous, and that Defendant at all times acted in good faith with respect to the matters alleged in Plaintiff's Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

20.   As a separate, affirmative defense, Defendant alleges Plaintiffs are not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiffs failed to take reasonable steps to mitigate his/her damages with respect to the matters alleged in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Conduct of Third Parties)

21.   As a separate, affirmative defense, Defendant alleges that Plaintiffs' claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Arbitration)

22.   As a separate affirmative action, to the extent an arbitration clause exists with respect to other defendants' in this action, Defendant reserves the right to compel arbitration.

## RESERVATION OF RIGHTS

23.   Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third-party claims, as additional investigation, discovery or circumstances warrant.

## DEFENDANT'S PRAYER FOR RELIEF

1   WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed
2   with prejudice, for its attorneys' fees and costs incurred herein, and for such
3   further relief as the court deems just and equitable.

4                              **DEMAND FOR JURY TRIAL**
5       PLEASE TAKE NOTICE that Defendant demands a jury trial in this case.

6   DATED:  March 8, 2019                    **VANLOCHEM & ASSOCIATES LLP**
7
                                       By: _____
8                                          Michael D. Vanlochem
                                           Attorneys for Defendant,
9                                          Nissan Motor Acceptance
                                           Corporation
10

11

12                              **CERTIFICATE OF SERVICE**

13      I, Michael D. Vanlochem, hereby certify that on the 8TH day of March, 2019,
14  a true and correct copy of the foregoing ANSWER TO COMPLAINT was served via
15  the District Court ECF on the Following:
16
        Email: vito@goldencardona.com
17      Email: KaminskiD@cmtlaw.com
        Email: wadea@cmtlaw.com
18
19                                     By: _____
                                           Michael D. Vanlochem
20                                         Vanlochem & Associates LLP
21

22

23

24

25

26

27

28

                                                      ANSWER TO COMPLAINT
                                                      CASE NO: 2:18-cv-10548-MWF-FFM